

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 29, 1972

Honorable Homer R. Taylor          Opinion No. M- 1273
County Attorney
304 Courthouse Building            Re: Does Art. 353c, V.P.C.
Wharton, Texas 77488                   prohibit persons from
                                       furnishing alcoholic
                                       beverages to a prisoner
Dear Mr. Taylor:                       in a county jail?

You have requested an opinion in reference to the following questions:

    (1) "Does Art. 353c, VTPC prohibit persons from furnishing Alcoholic Beverages to a Prisoner in a County Jail?"

    (2) "Is it a criminal offense to furnish alcoholic beverages to a prisoner in a county jail?"

You advise us that a trustee of the county jail furnished beer to one of the prisoners confined in the county jail of your county.

Article 353c, Section 1, Vernon's Penal Code, reads as follows:

> "It shall be unlawful for any officer or employee of the Texas Prison System or for any other person to furnish, attempt to furnish, or assist in furnishing to any inmate of the Texas Prison System any alcoholic beverage, narcotic drug, barbiturate, or drug stimulant that would cause prisoners to behave abnormally, except from the prescription of a physician. It shall also be unlawful for any person to take, attempt to take, or assist in taking any of the aforementioned

articles into the <u>confines of property</u>
<u>belonging to the Texas Prison System</u>
which is occupied or used by prisoners
except for delivery to a prison ware-
house or pharmacy or to a physician."
(Emphasis added.)

The words "Texas Prison System" have a definite and
distinct meaning.  The Legislature has placed the Texas Prison
System under the supervision, management and control of the
Texas Department of Corrections.  Art. 6166a-1, et seq.,
V.C.S.  On the other hand, County Jails are established by
the Commissioners' Courts of the various counties in the
State.  Art. 2351, Subd.(7), V.C.S.

In the interpretation of criminal or penal statutes,
offenses cannot be created nor can omissions by the Legisla-
ture, through inadvertance or otherwise, be supplied.
<u>Ratcliff v. State</u>, 289 S.W. 1072 (Tex. Crim. 1927).  Statutes
cannot be extended by construction to acts not fairly and
clearly embraced within their terminology.  In order to sus-
tain a conviction, a particular act must plainly and unmistakenly
be within the clear definition of the statute and if there exists
any doubt whether the statute embraces a particular act, this
doubt must be resolved in favor of the accused.  <u>Murray v. State</u>,
2 S.W. 757 (Tex. Ct. of App. 1886).  No person can be punished
for an offense not made penal by the plain import of the words
of a law.  Art. 7, V.P.C.

Our opinion is the furnishing of beer to an inmate of
a county jail does not fall within the prohibition of Article 353c,
Vernon's Penal Code, supra.

We do not have sufficient factual information to make
a determination as to whether furnishing beer to an inmate of
a county jail is a violation of any other criminal statute.

SUMMARY
Article 353c, V.P.C., making it a  penal
offense for persons to furnish alcoholic
beverages to inmates of the Texas Prison System,
does not include County Jails.

Honorable Homer R. Taylor, page 3  (M-1273)

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by E. L. Hamilton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Mary Carol Cunningham
Bill Craig
Gerald Ivey
Bart Boling

SAMUEL C. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant